The sole issue presented here is whether the trial court erred in awarding an attorney fee of $20,000 in an action for the sale of jointly owned real property and a division of the proceeds. The property sold for $200,000. Franklin Anderson appeals from the award to the attorney. We affirm.[1]
The attorney, Frank D. Lee, was hired by Franklin Anderson to file a complaint against J.C. Skinner and Bernice Martin to partition 140 acres in Clarke County, Alabama, on behalf of himself, Dollie Anderson, Walter P. Anderson, Evon Anderson, Molly Gibbs, and David Anderson. In the complaint, filed on August 17, 1989, Lee asked the court to award a reasonable attorney fee. The case was set for trial, but, after negotiations, the parties stipulated that the land could not be equitably divided; the court ordered an appraisal, which was made and filed with the trial court. Ultimately, the court conducted a private sale in which the plaintiffs purchased the property for $200,000. The $200,000 price was the price for the entire tract, including the plaintiffs' interest. In a judgment entered April 30, 1991, Judge J. Richmond Pearson set an attorney fee of $20,000.
Franklin Anderson then filed a motion to alter, amend, or vacate the judgment. Judge Pearson recused himself, as did Judge Hardie B. Kimbrough. Judge Samuel H. Welch, Jr., was appointed to hear the matter. On September 1, 1992, Judge Welch held a lengthy hearing, after which he concluded that $20,000 was a reasonable attorney fee; he denied the motion to alter, amend, or vacate Judge Pearson's order, holding that the "plaintiff's attorney services *Page 1307 
inured to the benefit of the common estate in this cause." Franklin Anderson appeals from this judgment.
This issue was presented to the court on ore tenus evidence. The judgment of a trial court based on ore tenus evidence is presumed correct, and its findings "will not be disturbed on appeal unless they are palpably wrong, manifestly unjust, or without supporting evidence." McCoy v. McCoy, 549 So.2d 53, 57
(Ala. 1989); McCrary v. Butler, 540 So.2d 736 (Ala. 1989);Jones v. Jones, 470 So.2d 1207 (Ala. 1985); Clark v.Albertville Nursing Home, Inc., 545 So.2d 9, 12-13 (Ala. 1989).
Section 34-3-60, Code of Ala. 1975, provides for the court to set a reasonable attorney fee in an action to partition real property and to tax the fee as a part of the costs in the action. In Peebles v. Miley, 439 So.2d 137 (Ala. 1983), we set out the following 12 criteria that the trial court should consider in setting an attorney fee: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. See Van Schaack v. AmSouthBank, N.A., 530 So.2d 740 (Ala. 1988); Irons v. Le Sueur,487 So.2d 1352 (Ala. 1986); Talb, Inc. v. Dot Dot Corp.,559 So.2d 1054 (Ala. 1990); and Shirley v. Mazzone, 591 So.2d 469 (Ala. 1991). Although all of these criteria need not be met, they are available for the trial court to consider in connection with each claim for an award of attorney fees. Graddick v. FirstFarmers Merchants National Bank of Troy, 453 So.2d 1305 (Ala. 1994).
We have carefully considered this case and conclude that the judgment of the trial court is due to be affirmed. The evidence reflects that the plaintiffs achieved the result they wanted and that Lee's representation inured to the common benefit. Lee testified that he expended 200 hours on this case, extending over a period of three years. Anderson admits that he knew Lee would be awarded an attorney fee; in fact, Lee explained to him that if he filed a complaint seeking partition or a sale for division, then the defendants would have to pay one-half of his attorney fee; that is what the court ordered in this case. Two practicing attorneys in Clarke County testified that $20,000 would be the fee customarily charged in the locality for similar legal services, and each testified that he considered that fee to be reasonable under the facts of this case.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur
[1] This case was filed in this Court under the style FranklinAnderson, et al. v. J.C. Skinner and Bernice Martin. Skinner and Martin have no real interest in this appeal and have filed no brief. We have restyled the case to reflect that only Frank D. Lee, as appellee, defends the judgment appealed from.