On Application for Rehearing

YATES, Judge.
The opinion of April 9, 1999, is withdrawn, and the following is substituted therefor.
Patsy C. Ruf sued for a sale of jointly owned real property and a division of the proceeds. The property included three tracts.
The parties obtained their joint title to the three tracts of land from the estates of David E. Ruf, Sr. (“David Sr.”), and David E. Ruf, Jr. (“David Jr.”). The facts are as follows: David Sr. died in 1990. He left all of his personal and real property, including the three tracts of land at issue, to his five children: David Jr., August Leon Ruf, Donnie Lee Ruf, James Harold Ruf, and Melissa Diane Ruf. David Jr. and August were appointed as co-executors; they subsequently petitioned the Limestone County Probate Court for the probate of David Sr.’s will. David Jr., died on May 15, 1992, while David Sr.’s will was pending in the probate court. David Jr.’s will bequeathed all of his interests and property to his wife, Patsy. On July 8, 1992, Patsy petitioned the Limestone County Probate Court for the probate of David Jr.’s will.
On October 4, 1993, Patsy filed a complaint seeking the sale of the three tracts of land and a division of the proceeds. She sued in the Circuit Court of Limestone County, pursuant to § 35-6-20, Ala.Code 1975, which grants the circuit court original jurisdiction in sale-for-division cases involving joint owners. Subsequently, administration of both David Sr. and David Jr.’s wills was transferred to the circuit court.
David Sr.’s children (hereinafter collectively referred to as “the Rufs”) filed an election to purchase Patsy’s interest in the three tracts of land, pursuant to § 35-6-100, Ala.Code 1975. The trial court appointed an appraiser to assess the property, because the parties could not agree on a purchase price. The appraiser’s report valued the three tracts of land at a total of $1,145,000.
Pursuant to § 35-6-102, the Rufs paid into court $34,351.73, claiming that this was the value of Patsy’s interest in the three tracts of land; however, Patsy’s interest was valued at significantly higher than that amount. As a result of the Rufs’ failure to pay the appropriate amount into court, the court ordered that the three tracts of land be sold at a private sale.
At the private sale, the Rufs purchased Tract A (160 acres) for $501,000, Tract B (329 acres) for $800,000, and Tract C (77 acres) for $301,000, totaling $1,602,000 as the purchase price. It is undisputed that Patsy was entitled to a one-fifth (⅕) interest in Tract A; a one-fifth (⅕) interest in Tract B; and a six-fifteenths (%b) interest in Tract C. After considering certain expenses to be charged against the property, the trial court awarded Patsy $112,510.96 for her interest.
*926 Following a hearing, the trial court found that Patsy’s attorneys were entitled to a $160,200 attorney fee. The attorney fee was based on testimony from two local attorneys, who stated that it was customary in Limestone County, in a sale-for-division case, to award an attorney fee of 10% of the gross sales price of the property. The trial court also awarded an executor’s fee to August Ruf in the amount of $15,682, for his administration of David Sr.’s estate. The Rufs appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
First, the Rufs argue that the trial court erred in ordering a sale for division when, they say, they had properly filed their election under §§ 35-6-100 through - 104.
The purpose of § 35-6-100 et seq. is to allow cotenants who wish to preserve their property intact to purchase the interests of any cotenants wishing to sell the property for a division of the proceeds, thereby preventing title from passing to a stranger at a forced sale. Black v. McCorvey, 428 So.2d 607 (Ala.1983).
If the joint owners or tenants in common cannot agree on a price, the court has the authority to appoint an appraiser, pursuant to § 35-6-101.
Section 35-6-102 provides:
“After the report of the appraisers or commissioners, the tenants in common or joint owners seeking to purchase the interest of those filing the petition shall have 30 days to pay into the court the price set as the value of those interests to be purchased. Upon such payment and approval of same by the court, the clerk shall execute and deliver or cause to be executed and delivered the proper instruments transferring title to the purchasers.”
Section 35-6-103 provides: “Should the joint owners or tenants in common fail to pay the purchase price as provided in [§ ] 35-6-102, the court shall proceed according to its traditional practices in such cases as described in [§ ] 35-6-100.” “Traditional practices” in Alabama include selling the property by public auction or private sale. Copeland v. Giles, 271 Ala. 302, 123 So.2d 147 (1960).
The Rufs paid into a court an amount significantly less than the value of Patsy’s interest. The Rufs were aware of the value of the property and of the fractional interest held by Patsy at the time they filed their election under § 35-6-100. Instead of paying the appropriate amount into court, the Rufs arbitrarily deducted certain estate expenses from the value of Patsy’s interest. Although there is no exact amount included in the record to indicate how much the Rufs were to pay into court, we note that the trial court eventually awarded Patsy more than three times the amount paid into court by the Rufs.
Section 35-6-102 provides that the joint owners must pay “the value of those interests to be purchased” and that upon payment and “approval” by the court, the joint owners can purchase the property. Clearly, the court did not approve the amount paid into court by the Rufs and proceeded under § 35-6-103, which allows the trial court to sell the property in accordance with “traditional practices.”
The Rufs failed to comply with the express provisions of § 35-6-102, and, therefore, waived their rights under §§ 35-6-100 through -104. See Lynum v. Lynum, 521 So.2d 6 (Ala.1987) (joint owners lost their right, as defendants in a sale for division, to purchase property, by failing to pay into court, within 30 days, the price indicated by the appraisal); Guilford v. Bell, 637 So.2d 1364 (Ala.Civ.App.1994) (by failing to pay the purchase price into court within 30 days after the appraisal, joint owners waived their right to purchase property).
Second, the Rufs argue that the trial court erred in awarding an attorney fee to Patsy’s attorneys.
*927 Section 34-3-60 provides that in a sale of property for division of the proceeds, or where there is a partition in kind of real property between tenants in common, the court may ascertain and award a reasonable attorney fee as part of the costs.
Allowing attorney fees to be paid as costs in a sale for division rests largely within the discretion of the trial court. Holman v. Bane, 698 So.2d 117, 121 (Ala.1997). In a sale-for-division case, the appellate court may review the trial judge’s award only for an abuse of discretion, in light of the evidence presented at the ore tenus hearing. Id.
The supreme court has set out 12 criteria the trial court may consider in setting an attorney fee: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (6) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. Peebles v. Miley, 439 So.2d 137 (Ala.1983).
“Although all of these criteria need not be met, they are available for the trial court to consider in connection with each claim for an award of attorney fees.” Anderson v. Lee, 621 So.2d 1305, 1307 (Ala.1993).
The Rufs argue that in awarding the attorney fee the trial court failed to consider the 12 factors set out in Peebles. However, the trial court’s order indicates that the court did consider the 12 factors. Also, two practicing attorneys in Limestone County testified that 10% of the purchase price would be the fee customarily charged in the locality for similar services, and both testified that they considered the fee to be reasonable in this case, which had lasted for five years.
The Rufs also argue that the award of an attorney fee in this case, in which the rights and interests of the joint tenants are in dispute and no common benefit is derived by all the joint tenants, is precluded by § 34-3-60. We disagree. Patsy’s complaint allowed for a means to divide the property, which could not be divided by any other means between these joint owners. It prevented the sale of the property at a public auction, where it could have been purchased by someone outside the family. It is clear that the Rufs wanted complete ownership of the property, to the exclusion of Patsy. A sale for division was the proper means for them to get it; thus, this procedure benefited the Rufs as well as Patsy.
With regard to the attorney fee, the Rufs argue, too, that 10% of the purchase price should be based on the net sale of the three tracts of land and not the gross sale. In division cases, the supreme court has affirmed the award of an attorney fee based on 10% of the gross sales price and we find no abuse of discretion in the amount awarded by the trial court. See, Anderson, supra, 621 So.2d 1305.
Last, the Rufs argue that the trial court improperly excluded certain assets and liabilities of David Sr.’s estate from consideration in determining the amount of the fee to be paid August Rufs executor. Specifically, the Rufs argue that the $1,602,000 paid for the three tracts of land should be included in the trial court’s determination of the fee for August Rufs executor. Additionally, the Rufs argue that the estate is still subject to indebtedness, which, they say, should have been considered by the trial court.
A personal representative may be entitled to reasonable compensation for services as may appear to the court to be fair, “which shall not exceed two and one-half *928 percent of the value of all property received and under the possession and control of the personal representative and two and one-half percent of all disbursements.” § 43-2-848(a) (emphasis added).
The general rules regarding the devolution of a decedent’s property are as follows: Personal property of the decedent passes or devolves to the personal representative for distribution to those persons named in the decedent’s will. If there is no will, the personal property devolves to the personal representative for distribution to the heirs. § 43-2-830. Real property devolves to those named in the will, or to the decedent’s heirs if there is no will. § 43-2-830.
There are two exceptions to the above-stated rule regarding real property, when the real property instead devolves to the “possession and control of the personal representative” rather than to the heirs. The first exception is when the real property is subject to the rights of creditors and to administration under § 43-2-830. That is, title to the real property vests in the heirs as joint owners upon the decedent’s death, but is subject to divestment, for payment of debts of the estate or costs and expenses for administration.
The first exception does not apply in this ease, because the three tracts of land at issue did not have to be sold to pay debts of the estate or costs of administration. The trial court, in its order, found that August Ruf had liquidated certain personal and real property of David Sr. in 1993 and applied the proceeds to debts of the estate in the amount of $313,630.27.[1] However, the court stated that the land did not have to be sold to pay any debts of the estate. Instead, it was sold to divide the interests of the joint owners. Therefore, possession and control of the money received for the three tracts of land were not necessary for purposes of administration of the estate or payment of indebtedness.
The second exception is when the personal representative brings an action for a sale for division pursuant to §§ 43-2^42 through -444. Those sections allow the personal representative to bring an action for a sale of lands for a division of the proceeds, for the payment of debts. Those Code sections require the written consent of an adult heir to the sale, and an application for sale, verified by affidavit, to the probate court having jurisdiction of the estate.
In this proceeding, the action for a sale for division was.brought under § 35-6-20, by a joint owner, and it was a civil action separate from the administration of the estate. August Ruf has not filed a complaint for a sale for division “for payment of debts” under §§ 43-2^442 through -444. Therefore, the trial court did not have to consider any of the indebtedness in its determination of the executor’s fees. See also, Self v. Roper, 689 So.2d 139 (Ala.Civ.App.1996) (personal representative was not entitled to personal representative’s fees where the sale for division was brought under § 35-6-20 and the land was not being sold to pay off debts of the estate).
Based on the foregoing, the judgment of the trial court is affirmed.
OPINION OF APRIL 9, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED AND RULE 39(k) MOTION DENIED; AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. The trial court based August’s executor’s fee on 2 1/2% of $313,630.27 (value of all property within the executor's possession and control), plus 2 1/2% of $313,630.27 (value of all disbursements made by the executor), pursuant to § 43-2-848(a).