The Circuit Court of Colbert County ruled in favor of Sonja James in a divorce action, awarding, among other things, an attorney fee for her attorney. Her husband, Jerry James, appealed. The Court of Civil Appeals affirmed in part and reversed in part. One item that court reversed was the trial court's award of the attorney fee. James v. James, 764 So.2d 549
(Ala.Civ.App. 1999). We granted Sonja James's petition for certiorari review, on the sole issue of the attorney fee. We reverse and remand. *Page 559 
On May 6, 1996, after 14 years of marriage, Sonja James sued for a divorce from Jerry James. At trial, her attorney, John Clement, requested an attorney fee. He testified that he had worked approximately 875 hours on the case and that his normal fee was $125 per hour. In addition, he said he had incurred expenses of more than $20,000. Thus, he claimed more than $129,375 for the entire case. The trial court ordered the parties to submit written closing arguments. In his argument, Jerry James argued that it would be unreasonable to award Clement a fee because Clement could offer no evidence, such as time records, indicating the amount of time he had spent on the case. The trial court awarded Clement a $100,000 attorney fee. This fee was to be taken out of the marital estate, which was to be divided 2/3 to Jerry James and 1/3 to Sonja James; therefore, after the attorney fee was taken out, Jerry James was responsible for $66,666.67 of Clement's fee. Jerry James filed no posttrial motions before appealing to the Court of Civil Appeals.
There are two issues before this Court: 1) Did Jerry James properly preserve for review the issue whether the attorney fee awarded to Clement was unreasonable? 2) If so, was that fee in fact unreasonable?
In a case tried before a jury, to preserve for appellate review a question of the sufficiency of the evidence, a party must raise that question in a Rule 50(a), Ala.R.Civ.P., motion for a judgment as a matter of law, at the close of all the evidence.Barnes v. Dale, 530 So.2d 770, 776-77 (Ala. 1988). This principle does not apply in a nonjury case. Seier v. Peek,456 So.2d 1079, 1081 (Ala. 1984). However, the law provides another rule for a rather unique situation. In Ex parte Vaughan,495 So.2d 83, 87 (Ala. 1986), this Court held:
 "Rule 52(b) provides an exemption from the requirement of invoking a ruling by the trial court on the issue of evidentiary insufficiency when written findings of fact are made. The trial court's ruling on the sufficiency of the evidence is implicit in a decree in which the trial judge is the trier of the facts. Moreover, by making written findings of fact, the trial judge has had the additional opportunity to reconsider the evidence and discover and correct any error in judgment which he or she may have made upon initial review. Thus, when written findings of fact are made, they serve the same useful purpose as does an objection to the trial court's findings, a motion to amend them, a motion for a new trial, and a motion to dismiss under Rule 41(b), . . . — to permit the trial judge an opportunity to carefully review the evidence and to perfect the issues for review on appeal."
Consequently, when the trial court has made no written findings of fact in a nonjury trial, a party must move for a new trial in order to preserve for review a question relating to the sufficiency or weight of the evidence.
The trial court was sitting as the trier of fact. It did not make any specific written findings of fact in its final order awarding Clement $100,000. This award, in and of itself, is a finding of fact based on arguments made by both parties at trial. It shows that the trial court believed the evidence was sufficient to support an award of $100,000. Therefore, there is a written finding of fact, and a decision adverse to Jerry James, and this issue was preserved for appeal.
Because the issue was preserved for review, we must consider whether the attorney fee awarded was unreasonable. Jerry James contends it was unreasonable because, he says, Clement offered no evidence to prove the amount of work he had performed on this case. Awarding an attorney fee in a divorce case is a highly discretionary function of the trial court. Hewitt v. Hewitt,285 Ala. 516, 234 So.2d 283 (1970); Fitts v. Fitts, 283 Ala. 369,217 So.2d 81 (1968); Owens v. Owens, 281 Ala. 239, 201 So.2d 396
(1967); and White v. *Page 560 White, 278 Ala. 682, 180 So.2d 277 (1965). See alsoPowell v. Powell, 628 So.2d 832 (Ala.Civ.App. 1993), and Howard v. Howard, 422 So.2d 296 (Ala.Civ.App. 1982). Therefore, the amount of a trial court's award will not be reversed except for a clear abuse of discretion. Powell, 628 So.2d at 834; Howard, 422 So.2d 296.
Apparently, Jerry James is arguing that the trial court abused its discretion by awarding what he considers an unreasonable attorney fee that was not supported by the evidence. However, this Court has held that an award of an attorney fee will not be reversed merely because the record contains no evidence to prove the reasonableness of the amount awarded. Hodson v. Hodson,276 Ala. 227, 160 So.2d 637 (1964). Judge Crawley, dissenting from the action of the Court of Civil Appeals, stated that the trial court had not abused its discretion in regard to the attorney fee. 764 So.2d 557. He cited a Court of Civil Appeals case that had stated:
 "It is within the sound discretion of the trial court to award an attorney's fee in a divorce case. It is not error for a trial court to allow and set an amount for attorney fees even where no proof is presented regarding the reasonableness of the amount. Coan v. Coan, 516 So.2d 683 (Ala.Civ.App. 1987). There is a presumption that the `trial court has the knowledge from which it may determine the amount of a reasonable fee for an attorney, even though no evidence is presented as to its reasonableness.' Coan, at 685."
Boykin v. Boykin, 628 So.2d 949, 952 (Ala.Civ.App. 1993). This principle stated in Boykin would allow an award of an attorney fee to stand even if the court making the award had heard no evidence on the question of reasonableness.
Clement testified, without dispute, that he had spent 875 hours on this case and that his normal fee was $125 per hour. This case had been in litigation for almost two years before the trial court made its ruling and its order is still not final after a third year. There were a number of discovery problems, many complex business issues, and proceedings involving the repossession of Sonja James's car by Franklin Homes, a business owned by Jerry James, that required perhaps more time and expertise on the part of Clement.
Another factor the trial court could have considered was the fact that this award included all fees and expenses for Clement that had arisen or that would arise out of this case. It appears from Sonja James's brief that Clement intends this $100,000 to include the more than $20,000 in expenses Clement had incurred as of the time of the trial, as well as any fees and expenses that would be incurred through appellate proceedings and through the final execution of the divorce judgment.
If we were the trial judge, we might have awarded a lesser attorney fee, based upon the evidence before us; however, sitting as an appellate court, we have no choice but to look to whether the trial court's award of the $100,000 attorney fee was an abuse of discretion. Reviewing the facts, we conclude that the trial court had before it sufficient evidence to support the $100,000 award. Therefore, we must conclude that the trial court did not abuse its discretion.
The judgment of the Court of Civil Appeals is reversed insofar as it reversed the trial court's award of the attorney fee, and the case is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX and ENGLAND, JJ., concur.
COOK, SEE, LYONS, and BROWN, JJ., concur in the result.
JOHNSTONE, J., dissents.