David L. Cross ("the husband") appeals from a judgment divorcing him and Christa W. Cross ("the wife"). The parties were married in 1997, but they never resided together. They maintained separate apartments, separate bank accounts, purchased no property together, and incurred no debts together. They had no children.
The record, which is extremely sparse, indicates that, at the time of trial in September 2001, the husband, who was 34 years old, was employed as a system administrator for Computer Sciences Corporation, earning $65,000 annually. The husband testified that he did not want a divorce. He said that he thought the parties could work out their problems. The husband testified that, at the beginning of the marriage, he would spend the night with the wife in her apartment and then return to his apartment in the morning to change clothes and get ready for work. That arrangement, however, eventually ended. According to the husband:
 "I had some sleeping problems, and because of those sleeping problems it was interrupting her sleep. And because of those interruptions she was not getting the proper amount of sleep each night and it was causing a problem to her health."
The wife, a 36-year-old college graduate, was unemployed at the time of trial. Until *Page 242 
two months before trial, she had been a temporary employee at Adecco TAD,[1] but she was laid off in July 2001.
Other than wedding gifts and an album of wedding photographs, the parties had no marital property. The husband testified that if the court granted the parties a divorce, he would like to be awarded the wedding gifts received from his family and friends, unless that meant that sets of dishes or flatware would have to be broken up. The husband acknowledged that he did not have an inventory of the wedding gifts. When he was asked to describe the wedding gifts, he responded:
 "A. Some of them were things like plates and forks, and there were — I'm sorry.
 "Q. [By the husband's counsel]: Well, was there anything big like a car or refrigerator?
"A. No, nothing big like that."
The trial court's judgment included no written findings of fact. It ordered the husband to pay the wife an attorney fee of $1,450. It awarded the husband "the wedding gifts located at his parents' home as well as the wedding album." The trial court awarded the wife "the wedding gifts located at her parents' home." The husband argues that the trial court's division of marital property was inequitable because the uncontroverted testimony at trial established that all the wedding gifts were at the home of the wife's parents.
The husband filed a postjudgment motion, raising the following issues: (1) whether the judgment divorcing the parties on the grounds of incompatibility was supported by the evidence presented at trial; (2) whether the judgment restoring the wife to the use of her former surname was erroneous because the wife did not request such relief; and (3) whether the attorney fee award was excessive. The motion did not mention the trial court's division of marital property or bring to the trial court's attention the claimed factual error in the location of the wedding gifts.
The general rule is that wedding gifts are marital property. See
24 Am. Jur.2d Divorce Separation § 506 (1998).
 "Although, as a matter of etiquette, wedding gifts are generally sent to the bride, no presumption as to ownership may be indulged in the case of such gifts. In determining the ownership of wedding gifts, the court must consider not only the expressed intention of the giver, but also the intention of the receiving couple.
 "Gifts intended to furnish or adorn the marital residence or to be used and enjoyed jointly by the married couple should be considered the same as property purchased by the husband and wife jointly. Unless wedding gifts are appropriate only for the personal use of one of the spouses, the gifts should be deemed joint property of the parties, subject to division upon dissolution of the marriage, in the absence of a sufficient showing that the intent was that such nonpersonal gift be `earmarked' for either the husband or the wife."
24 Am. Jur.2d § 506 at 656 (footnote omitted). Cf. Scudder v.Scudder, 485 So.2d 743 (Ala.Civ.App. 1986) (property given as gifts to husband and wife was jointly owned property that could be divided by court in divorce action according to the equities of the case).
We conclude that the husband has failed to preserve for review any issue regarding the division of the wedding gifts because he did not raise that issue in his postjudgment motion. The husband's argument as to the erroneous division of the *Page 243 
wedding gifts is essentially one of evidentiary insufficiency. He does not take issue with the court's apportionment of the gifts according to whether the gifts were located at the home of the wife's parents or the husband's parents. He merely challenges the court's implicit finding thatsome of the wedding gifts were located at the home of the husband's parents by pointing out that the uncontroverted evidence established thatall of those gifts were at the home of the wife's parents.
In Ex parte James, 764 So.2d 557 (Ala. 1999), a plurality of the Alabama Supreme Court stated that "when the trial court has made no written findings of fact in a nonjury trial, a party must move for a new trial in order to preserve for review a question relating to the sufficiency or weight of the evidence." 764 So.2d at 559. The court explained:
 "In a case tried before a jury, to preserve for appellate review a question of the sufficiency of the evidence, a party must raise that question in a Rule 50(a), Ala.R.Civ.P., motion for judgment as a matter of law, at the close of all the evidence. Barnes v. Dale, 530 So.2d 770, 776-77 (Ala. 1988). This principle does not apply in a nonjury case. Seier v. Peek, 456 So.2d 1079, 1081 (Ala. 1984). However, the law provides another rule for a rather unique situation. In Ex parte Vaughn, 495 So.2d 83, 87 (Ala. 1986), this Court held:
 "`Rule 52(b) provides an exemption from the requirement of invoking a ruling by the trial court on the issue of evidentiary insufficiency when written findings of fact are made. The trial court's ruling on the sufficiency of the evidence is implicit in a decree in which the trial judge is the trier of the facts. Moreover, by making written findings of fact, the trial judge has had the additional opportunity to reconsider the evidence and discover and correct any error in [a] judgment which he or she may have made upon initial review. Thus, when written findings of fact are made, they serve the same useful purpose as does an objection to the trial court's findings, a motion to amend them, a motion for a new trial, and a motion to dismiss under Rule 41(b), . . . — to permit the trial judge an opportunity to carefully review the evidence and to perfect the issues for review on appeal.'"
Ex parte James, 764 So.2d at 559. The judgment of the circuit court is due to be affirmed.
AFFIRMED.
Yates, P.J., and Thompson and Pittman, JJ., concur.
Murdock, J., concurs in the result.
[1] The record does not indicate the form or nature of this business.