873 So.2d 258 (2003)
N.L.H.
v.
STATE of Alabama.
CR-02-0877.
Court of Criminal Appeals of Alabama.
June 27, 2003.
*259 Charlie A. Bottoms, Jr., Florence, for appellant.
William H. Pryor, Jr., atty. gen., and Cedric B. Colvin, asst. atty. gen., for appellee.
COBB, Judge.
N.L.H. was adjudicated delinquent based on a charge of second-degree criminal mischief, a violation of § 13A-7-22, Ala.Code 1975. The trial court placed her on probation. This appeal followed.
The State's evidence adduced at trial indicated the following. On October 21, 2002, C.N. and her boyfriend B.J. were at B.J.'s house washing clothes. N.L.H. went to B.J.'s house. Shortly after N.L.H. arrived at B.J.'s house, her ex-boyfriend J.[1] came over. N.L.H. and J. argued, and N.L.H. left. Sometime after N.L.H. left, C.N., B.J., and J. went to C.N.'s house. Shortly after they arrived at the house, the doorbell rang. C.N. opened the door. N.L.H. was at the door. C.N. told N.L.H. that she could come inside the house so long as she and J. did not get into another argument. C.N. and N.L.H. began arguing. C.N. asked N.L.H. to leave. C.N. closed and locked the door. Seconds later, a porcelain scarecrow, a Halloween decoration that had been sitting on the window-sill, crashed through the front window. C.N., B.J., and J. went outside. C.N. testified that she saw N.L.H. walking to her automobile. N.L.H. got into her vehicle, pulled out of the driveway, stopped the vehicle, got out, and yelled, "If any three of y'all want some, y'all come get some, cause I'll kill all of y'all." (R. 11-12.) C.N.'s mother testified that the estimated cost to repair the window was approximately $225.
N.L.H. argues that the State failed to present sufficient evidence to support the adjudication of delinquency. The crux of her argument is that because there was conflicting testimony as to who threw the scarecrow through the window, there was a reasonable hypothesis from which the trier of fact could have found that someone other than N.L.H. threw the scarecrow. Although she couches her argument in terms of sufficiency of the evidence, she actually takes issue with the weight of the evidence. At trial, N.L.H. argued that the weight of the evidence was in her favor. However, her argument at trial did not preserve this issue for review. "[W]hen the trial court has made no written *260 findings of fact in a nonjury trial, a party must move for a new trial in order to preserve for review a question relating to the sufficiency or weight of the evidence." Ex parte James, 764 So.2d 557, 559 (Ala. 1999). Although N.L.H. filed a postjudgment motion, she did not argue in that motion that the verdict was contrary to the law or to the weight of the evidence. Thus, her postjudgment motion did not preserve this argument for appellate review. Zumbado v. State, 615 So.2d 1223, 1241 (Ala.Crim.App.1993) ("The issue of the weight of the evidence is preserved by a motion for a new trial, stating `that the verdict is contrary to law or the weight of the evidence.' See [Ala. R.Crim. P.] 24.1(c)(1).").
N.L.H. argues that the State did not present sufficient evidence to sustain a delinquency adjudication for second-degree criminal mischief. Specifically, she claims that the State did not prove that the damage to the window exceeded $250.
"A person commits the crime of criminal mischief in the second degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property in an amount which exceeds $250.00 but does not exceed $1,000.00."
§ 13A-7-22(a), Ala.Code 1975.
"A person commits the crime of criminal mischief in the third degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property in an amount not exceeding $250.00."
§ 13A-7-23(a), Ala.Code 1975.
The State produced evidence that the cost to repair the window was $225. Thus, the State failed to prove that N.L.H. committed the offense of second-degree criminal mischief because the amount of damages involved was below the statutory limit for that offense. The evidence was sufficient, however, to find that N.L.H. committed the crime of third-degree criminal mischief. Therefore, this cause is remanded for the juvenile court to adjudicate N.L.H. delinquent on the underlying offense of third-degree criminal mischief. See M.T.R. v. State, 620 So.2d 753 (Ala. Crim.App.1993). Due return should be filed with this Court within 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and SHAW and WISE, JJ., concur; BASCHAB, J., concurs in part and dissents in part.
BASCHAB, Judge, concurring in part and dissenting in part.
I concur with the majority's conclusions that the evidence was not sufficient to establish second-degree criminal mischief, but that it was sufficient to establish third-degree criminal mischief. However, I disagree with the majority's conclusion that it is necessary to remand this case for the juvenile court to adjudicate the appellant delinquent based on the underlying offense of third-degree criminal mischief. As long as the evidence is sufficient to support an adjudication based on the underlying offense or a lesser included offense thereof, any error regarding the offense upon which the delinquency adjudication is based is harmless. See Rule 45, Ala. R.App. P. Because the appellant will still be adjudicated delinquent, a remand in this case will not serve any purpose.
*261 Therefore, I respectfully concur in part and dissent in part.
NOTES
[1] The record does not reveal J.'s last name.
[*] Note from the reporter of decisions: On August 15, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.