I concur fully in the main opinion. I write specially simply to make the following observations. The main opinion states:
 "We agree with the plurality of Justices who concurred in [Ex parte] James [, 764 So.2d 557
(Ala. 1999)], and we hold that, in a nonjury case in which the trial court makes no specific findings of fact, a party must move for a new trial or otherwise properly raise before the trial court the question relating to the sufficiency or weight of the evidence in order to preserve that question for appellate review."
(Emphasis supplied.)
I write concerning the proposition that issues relating to the sufficiency of the evidence may be preserved by some means other than by the filing of a motion for a new trial. In Ex parteJames, 764 So.2d 557 (Ala. 1999), the sole issue for review was whether the amount of the attorney fee awarded to the wife's attorney was unreasonable. The opinion explained:
 "At trial, [the wife's] attorney, John Clement, requested an attorney fee. He testified that he had worked approximately 875 hours on the case and that his normal fee was $125 per hour. In addition, he said he had incurred expenses of more than $20,000. Thus, he claimed more than $129,375 for the entire case. The trial court ordered the parties to submit written closing arguments. In his argument, [the husband] argued that it would be unreasonable to award Clement a fee because Clement could offer no evidence, such as time records, indicating the amount of time he had spent on the case. The trial *Page 804 
court awarded Clement a $100,000 attorney fee. This fee was to be taken out of the marital estate, which was to be divided 2/3 to [the husband] and 1/3 to [the wife]; therefore, . . . [the husband] was responsible for $66,666.67 of Clement's fee. [The husband] filed no posttrial motions before appealing to the Court of Civil Appeals."
764 So.2d at 559 (emphasis supplied).
"The Court of Civil Appeals affirmed in part and reversed in part. One item that court reversed was the trial court's award of the attorney fee. James v. James, 764 So.2d 549 (Ala.Civ.App. 1999). We granted [the wife's] petition for certiorari review, on the sole issue of the attorney fee."
764 So.2d at 558.
The four-member plurality of the eight participating Justices (three Justices concurred in the result and one dissented) held that, although the trial court had not made any specific findings of fact in awarding an attorney fee in the amount of $100,000,
 "[t]his award, in and of itself, is a finding of fact based on arguments made by both parties at trial.
It shows that the trial court believed the evidence was sufficient to support an award of $100,000. Therefore, there is a written finding of fact, and a decision adverse to [the husband], and this issue was preserved for appeal."
764 So.2d at 559 (emphasis supplied).
In Ex parte Vaughn, 495 So.2d 83, 87 (Ala. 1986), a unanimous court explained:
 "[B]y making written findings of fact, the trial judge has had the additional opportunity to reconsider the evidence and discover and correct any error in judgment which he or she may have made upon initial review. Thus, when written findings of fact are made, they serve the same useful purpose as does an objection to the trial court's findings, a motion to amend them, a motion for a new trial, and a motion to dismiss under Rule 41(b), [Ala. R. Civ. P.] — to permit the trial judge an opportunity to carefully review the evidence and to perfect the issues for review on appeal."
Rule 41(b), as it then read, provided, in pertinent part, as follows:
 "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court may make findings as provided in Rule 52(a). . . ."
The "Committee Comments to October 1, 1995, Amendment to Rule 41" explain that "[t]his amendment deletes the provision for dismissal by the court in a nonjury case for failure of proof. This matter is now covered by Rule 52(c)."
Rule 52(c), in turn, provides:
 "(c) Judgment on Partial Findings. If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment may be supported *Page 805 
by findings of fact and conclusions of law."
This provision parallels its counterpart in the Federal Rules of Civil Procedure, Rule 52(c), Fed.R.Civ.P., except that the concluding sentence of Federal Rule 52(c) reads "[s]uch a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule." (Emphasis supplied.) As Justice Lyons pointed out in his opinion concurring in the result in Ex parte James: "Rule 52(a) [Ala. R. Civ. P.] differs from the parallel Federal rule by providing that findings of fact are optional rather than mandatory." 764 So.2d at 561. Specifically, Rule 52(a), Fed.R.Civ.P., provides that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately as conclusions of law thereon." (Emphasis supplied.)
Implicit in Rule 52(c), Ala. R. Civ. P., is the proposition that a party may test the sufficiency of the evidence once his opponent "has been fully heard on an issue," by moving for a judgment as a matter of law, just as he or she could have moved for a judgment of dismissal under the former language of Rule 41(b), Ala. R. Civ. P. In other words, Rule 52(c) envisions that both a mid-trial motion for a judgment as a matter of law and one interposed after both sides have rested but before the entry of any judgment may be entertained by the trial judge. Thus, appellate review of a sufficiency-of-the-evidence issue may be preserved other than by a postjudgment motion. It may be preserved by a motion testing the sufficiency of the evidence once the nonmoving party "has been fully heard on an issue," and it may be tested by a motion made after the evidentiary stage of the hearing is concluded, but before judgment is entered. Also, as recognized in James, supra, it may be preserved where an explicitly focused treatment of the evidentiary viability of an issue by the trial judge undergirds the ensuing judgment in such a way that the judgment necessarily is tantamount to a "finding of fact." As the court explained in Ex parte Vaughn, the reason for requiring that the issue of the sufficiency of the evidence be properly brought to the trial judge's attention, which necessarily occurs when the trial judge makes written findings of fact, is so that "the trial judge has had the additional opportunity to reconsider the evidence and discover and correct any error in judgment which he or she may have made upon initial review." 495 So.2d at 87.
As the main opinion points out, the postjudgment motion filed by New Properties and Webb did not challenge the sufficiency of the evidence to support a finding by the trial court in favor of Harold Stewart on the fraud counts. The sufficiency of the evidence in that regard not "otherwise" having been raised before the trial judge, the issue was not preserved for our review.