ROBERTSON, Judge.
This is a divorce case.
After approximately 30 years of marriage, the husband filed for divorce on the ground of incompatibility. An ore tenus proceeding was held, and the trial court entered a final decree on April 4, 1989. Pursuant to a hearing requested by the wife, in her post-trial motion, the decree was amended on May 16, 1989. Inter alia, the decree awarded the wife a one-half undivided interest in the marital home place with the husband ordered to pay the two mortgage payments on said home. The trial court designated the first mortgage payment as alimony. The judgment provided that the wife would have exclusive use and possession of the home and required that, if she remarries, the home is to be sold, and after paying all indebtedness, the proceeds divided equally between the parties. The amendment required the husband to continue to carry a life insurance policy with the wife as beneficiary. The wife appeals.
The dispositive issues on appeal are whether the trial court abused its discre *1115 tion in the property division and alimony award, and if the alimony award is periodic or alimony in gross.
The wife contends that due to the facts here, coupled with her contribution to the marriage, she is entitled to a larger amount.
At the outset, we note our limited scope of review. When the trial court receives ore tenus evidence, a presumption of correctness attaches to the judgment that will only be disturbed for an abuse of discretion so unsupported by the evidence as to be plainly and palpably wrong. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988). Additionally, the matters of which the wife complains, the division of marital property and the award of alimony, rest soundly within the trial court’s discretion and will not be disturbed absent an abuse of that discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The evidence reveals that the wife has worked 21 of the 30 years of the marriage and continues to do so. Her present salary almost equals that of the husband, and she has a retirement plan and insurance benefits available through her employment. The four children of the marriage are now adults. After reviewing the total evidence in this case, it is abundantly clear that the trial court did not abuse its discretion by awarding the use of the marital home place to the wife until, if and when, she remarries, ordering the husband to pay both mortgage payments on the home, ordering that the first mortgage payment be treated as alimony, and awarding the wife a one-half undivided interest in the home.
The wife asks this court to confirm the first mortgage payment to be periodic alimony, and we do. The amount the husband is ordered to pay is contingent and uncertain in amount, since it ends when, and if, the wife remarries. We have held in McGugin v. McGugin, 357 So.2d 347 (Ala.Civ.App.1978), that this type mortgage payment is periodic alimony.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.