[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 951 
This is a divorce case.
Dorothy Vielle Boykin (mother) filed for divorce from Richard A. Boykin, Jr. (father) in October 1991. She alleged incompatibility and sought, inter alia, custody of the minor child, child support, alimony, a property division, and attorney fees. The father filed a motion seeking to have the trial judge recused, alleging that the trial judge was a close friend and former law partner of the mother's lawyer. That motion was denied.
After receiving multiple pleadings and following ore tenus proceedings, the trial court divorced the parties in December 1992. Inter alia, the trial court awarded custody of the minor child to the mother and it ordered the father to pay $1,072 monthly in child support, $18,000 alimony in gross in monthly installments of $500 each, and the mother's attorney fees. The trial court expressly reserved judgment regarding income assignment from the father's trust fund to the mother, and granted the mother a lien on the father's real and personal property to ensure compliance with his alimony and child support payments. The father appeals.
On appeal, the father raises numerous issues, namely: (1) whether the trial court erred in its order for child support; (2) whether the trial court erred in awarding the mother alimony in gross; (3) whether the trial court erred in granting the mother a lien on trust property to ensure the father's compliance with the child support and alimony orders; (4) whether the trial court erred in denying the father's motion for recusal; and (5) whether the trial court abused its discretion in its award of attorney fees.
The legal principles concerning divorce are well settled. We pretermit a detailed discussion of the facts in this case in light of the numerous cases addressing these issues. The matters of which the father complains rest soundly within the discretion of the trial court and will not be disturbed on appeal except where such discretion was palpably abused. See e.g., Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987); Ross v. Ross, 447 So.2d 812 (Ala.Civ.App. 1984). Further, when a trial court is presented ore tenus evidence in a divorce proceeding, its judgment will be presumed correct if it is supported by the evidence. Waid v. Waid, 540 So.2d 764
(Ala.Civ.App. 1989). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
The father's first argument concerns the matter of child support. Specifically, the father contends that the trial court committed reversible error by failing to apply the guidelines of Rule 32, Ala.R.Jud.Admin., or by failing to make a finding that application of the guidelines would be unjust or inequitable.
Child support orders have been the subject of a vast number of cases, and to detail specific facts in this case would serve no useful legal purpose. The law is clear that child support is a matter that rests soundly within the trial court's discretion and that such judgments will not be reversed absent a showing that the trial court abused its discretion. Conradi v. Conradi, 567 So.2d 364 (Ala.Civ.App. 1990). When making a child support determination, the trial court must consider the needs of the child and the parent's ability to pay. Morrison v. Kirkland, 567 So.2d 363
(Ala.Civ.App. 1990). A *Page 952 
trial court's determination regarding child support is governed by Rule 32, Ala.R.Jud.Admin., which provides for specific instances wherein application of the guidelines is inappropriate. One such instance is where, as here, the evidence reveals that the parent's income surpasses the support schedule, and the trial court is accorded discretion to determine the appropriate amount of child support. Rule 32(C)(1), Ala.R.Jud.Admin.; Anonymous v. Anonymous,617 So.2d 694 (Ala.Civ.App. 1993). In the instant case, there is ample evidence in the record demonstrating that the trial court properly considered the appropriate factors and supporting the trial court's award. We find no error.
The father next contends that the trial court erred in awarding the mother alimony in gross. He argues that the evidence was uncontroverted that the parties owned no real or personal property from which to make such an award. He contends that he had filed for bankruptcy prior to the separation of the parties, and that there was simply nothing to divide.
The trial court awarded the mother $18,000 as alimony in gross, payable in monthly installments of $500 each, for a period of three years. It is noteworthy that little else was mentioned in the order concerning a division of property.
The law is clear that matters such as alimony and property division pursuant to divorce rest soundly within the discretion of the trial court and will not be disturbed on appeal except where such discretion was palpably abused.Montgomery, supra. The issues concerning alimony and the division of property are interrelated, and in determining whether the trial court abused its discretion as to either of those issues, the entire judgment must be considered.Montgomery, supra. Many factors, including the conduct of the parties regarding the cause of the divorce, are proper to consider in making an equitable division. Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986). The award is not required to be equal, but must be equitable in light of the evidence, and what is equitable rests within the sound discretion of the trial court. Ross, supra. An award that favors one party over the other is not in and of itself an abuse of discretion.Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App. 1989).
There is evidence in the record regarding the financial status of the parties during and after the marriage, the father's violent behavior towards the mother, the earning capacities of the parties, the health and future prospects of the parties, and many other factors that the trial court could have considered in making its award. We have carefully and thoroughly reviewed the record mindful of the father's contentions. Simply stated, there is sufficient evidence in the record to support the trial court's determination regarding the alimony in gross, and we find no abuse of discretion.
The father's next two contentions, i.e., that the trial court erred in granting the mother a lien on certain trust property, and that the trial court erred in denying his motion for recusal, are presented without any supporting authority. That failure provides this court with nothing to review on appeal. It is not the function of an appellate court to create legal arguments for the appellant.McLemore v. Fleming, 604 So.2d 353 (Ala. 1992). Accordingly, we find no error here. Rule 28, A.R.App.P.; Simonton v. Carroll,512 So.2d 1384 (Ala.Civ.App. 1987).
The father's final contention is that the trial court abused its discretion in its award of attorney fees for the mother. It is within the sound discretion of the trial court to award an attorney's fee in a divorce case. It is not error for a trial court to allow and set an amount for attorney fees even where no proof is presented regarding the reasonableness of the amount. Coan v. Coan, 516 So.2d 683
(Ala.Civ.App. 1987). There is a presumption that the "trial court has the knowledge from which it may determine the amount of a reasonable fee for an attorney, even though no evidence is presented as to its reasonableness." Coan at 685. The trial court has special knowledge regarding the complexity of this case, and we find no abuse of discretion in its determination regarding attorney fees. See also Anonymous, supra.
After thoroughly reviewing the entire record with the attendant legal presumptions, *Page 953 
we find no error. There is sufficient evidence in the record to support the trial court's judgment. Accordingly, that judgment is due to be affirmed.
The mother's request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.