These parties have previously been before this court. See Tibbetts v. Tibbetts, 555 So.2d 1114 (Ala.Civ.App. 1989) ("Tibbetts I").
The trial court divorced the parties in April 1989, awarding the wife a one-half undivided interest in the marital home and the exclusive use and possession of the home until such time as she remarried, at which time the home was to be sold and the proceeds divided equally between the parties. The court ordered the husband to pay the two mortgage payments on the home. The first mortgage payment was designated as alimony. Subsequently, the judgment was amended, by agreement of the parties, to require the husband to maintain a $50,000 insurance policy on his life, naming the wife as the beneficiary. This court affirmed the judgment of the trial court and determined that the first mortgage the husband was ordered to pay as alimony was, in fact, periodic alimony because it was contingent and uncertain in amount in that it ended when, and if, the wife remarried.Tibbetts I.[1]
On August 25, 1998, the wife moved the court to "establish arrearages and to establish the amount of monthly support and to adjudge the [husband] to be in contempt." She alleged that the husband had filed a petition seeking relief from a bankruptcy court in 1995 and had not contributed any support to her since that time; that as a result of the filing of that petition the marital home was to be auctioned off; that she had purchased the husband's interest in the home at a private sale and the money she had paid had gone to satisfy the debts of the husband; that she eventually had to sell the home because she could not afford to pay for it; and that she had been denied the useful possession of the home. The wife also alleged that the husband was in contempt of court for his failure to maintain the insurance policy on his life naming her as the beneficiary.
The wife further alleged a change in circumstances in that she recently had had to resign her employment because of health reasons and is physically unable to support herself, while, she says, the husband is retired from the National Guard and is a practicing attorney. She sought a "reasonable" amount of support, a judgment in the amount of $50,400, which represents the value of the marital home, and an order requiring the husband to show proof of the insurance policy and to find him in contempt.
On October 13, 1998, the husband filed an instanter motion to dismiss the claim for periodic alimony, alleging that he had satisfied the alimony obligation by paying the last mortgage payment on the home on July 12, 1995. The husband also alleged that later that same year he had petitioned for bankruptcy protection and that the home had been sold by the bankruptcy court to satisfy his debts. Citing Gargis v. Gargis, 367 So.2d 476
(Ala.Civ.App. 1978), *Page 858 
the husband argued that the court was without jurisdiction to entertain the wife's motion, because, he said, his obligation to pay alimony terminated when he made the last mortgage payment and there was no modification with reservation by the court to award future alimony. He further argued that the wife's claim based on the alleged loss of the use and possession of the home is barred, because no claim had been made at the time the home was sold in the bankruptcy proceeding. The husband's motion did not address the wife's claim with regard to the life insurance policy.
Following a hearing, the court, on November 23, 1998, entered an order granting the husband's motion to dismiss the wife's motion seeking alimony. On December 30, 1998, the court amended its order to correct a clerical error. On March 5, 1999, the court entered an order denying the wife's motion to have the husband found in contempt and to establish an arrearage, noting that its December 30 order had disposed of the wife's motion with regard to the claim for alimony, but that it had failed to address her contempt motion and to establish an arrearage. The court had before it the parties' motions and arguments of counsel presented at the hearing on the motions. The record contains no transcript of this hearing and no stipulation of facts.
This court has stated:
 "In reviewing the grant of a motion to dismiss, an appellate court is to take `the allegations of the complaint most strongly in favor of the pleader, to determine whether the plaintiff could prove any set of facts in support of his claim which would entitle him to relief.' Phillips v. Opp Micolas Cotton Mills, Inc., 445 So.2d 927, 929 (Ala.Civ.App. 1984). When it appears beyond a doubt that there is no set of facts supporting a plaintiff's claim and entitling him to relief, a motion to dismiss is proper. We consider whether a plaintiff may possibly prevail, not whether he will ultimately prevail. Davis v. University of Montevallo, 586 So.2d 27
(Ala.Civ.App. 1991)."
Feore v. Feore, 627 So.2d 411, 413 (Ala.Civ.App. 1993).
Where the trial court does not grant an award of periodic alimony in the divorce judgment and does not reserve the right to do so upon future consideration, its power to grant it is lost. Pilgrim v. Pilgrim, 596 So.2d 942 (Ala.Civ.App. 1992). "The obligation to pay periodic alimony may be modified upon a showing of a material change in the financial needs of the payee spouse and the ability of the payor spouse to respond to those needs." Stevens v. Stevens, 641 So.2d 825, 827 (Ala.Civ.App. 1994). "If a grant of periodic alimony expires according to its term or is terminated by an order of modification, without reservation by the court, it is not subject to revival or reinstatement." Gargis, 367 So.2d at 478. Further, where a court awards periodic alimony for the indefinite future, that court retains jurisdiction to modify the periodic alimony; however, where a termination date is provided for the periodic alimony, the court can modify the award of periodic alimony only before the date of termination. Banks v. Banks, 336 So.2d 1365
(Ala.Civ.App. 1976).
The wife argues that she was awarded the exclusive possession of the home and that the husband was ordered to pay periodic alimony in the form of making payments on the first mortgage on the home until such time as she remarries or dies. She contends that her right to periodic alimony never terminated and, therefore, that the court never lost its authority to modify periodic alimony upon a showing of changed circumstances. We must construe the wife's motion for relief most strongly in her favor; after doing so, we cannot say beyond a doubt that she can prove no set of facts entitling her to relief. Feore, supra. The husband was ordered to pay periodic alimony in the form of the first mortgage until the wife remarries; the wife has not remarried. The husband *Page 859 
alleged that he had satisfied his obligation to pay periodic alimony by paying the last of the mortgage payments in July 1995; however, the allegations contained in the wife's motion govern the motion to dismiss. See Holway v. Wanschek, 690 So.2d 429 (Ala.Civ.App. 1997). Where the wife's right to receive periodic alimony continues, the court may modify that award upon a showing by the wife of a material change in need. The wife has alleged such a material change.
The wife's motion alleges that the husband petitioned for relief from the bankruptcy court and that the home was ultimately sold to satisfy his debts. "Indebtedness in the form of periodic alimony is nondischargeable in bankruptcy, but indebtedness in the form of alimony in gross or property settlement is dischargeable." Anderson v. Anderson, 686 So.2d 320,324 (Ala.Civ.App. 1996). See also Laminack v. Laminack,675 So.2d 479 (Ala.Civ.App. 1996). Accordingly, the husband's obligation to pay periodic alimony did not cease with his filing the bankruptcy petition.
Finally, the wife alleged in her motion for relief that the husband was obligated, pursuant to the divorce judgment, to maintain an insurance policy on his life naming her as the beneficiary and that he has failed to do so. Again, based on the allegations contained in the wife's motion, we cannot say beyond a doubt that she can prove no set of facts that would entitle her to relief.
Accordingly, we must reverse the judgment of the trial court granting the husband's motion to dismiss and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.
[1] In Tibbetts I, we relied upon McGugin v. McGugin, 357 So.2d 347
(Ala.Civ.App. 1978), in which this court concluded that an almost identical provision regarding mortgage payments was in the nature of periodic alimony.