Andrea Elizabeth Daniel ("the wife") and Phillip Francis Daniel ("the husband") were married in 1983. They separated in June 2000, and the wife sued for a divorce. After a trial, the trial court divorced the parties and, among other things, awarded the parties joint legal custody and the wife sole physical custody of their three *Page 1248 
children; awarded $1,310 in child support; ordered the parties to be equally responsible for any noncovered medical expenses of the children; and divided the parties' property. As agreed upon by the parties, the judgment ordered that the largest marital asset, the marital residence, be offered for sale, that each party be responsible for one-half the mortgage payment until the residence is sold, and that the proceeds from the sale be divided equally; the judgment was later amended to order the husband to make the entire mortgage payment pending the sale of the residence and to provide that the husband be reimbursed for one-half of each mortgage payment he made from the proceeds of the sale.
The judgment awarded the wife three investment accounts with an approximate value, at the time of trial, of $9,927; the husband was awarded four investment accounts with an approximate value, at the time of trial, of $10,777. The judgment also awarded the wife her retirement account with the Alabama Teachers' Retirement System worth approximately $12,000 at the time of trial. The wife was awarded a portion of the husband's retirement accounts as follows:
 "[the husband] shall transfer to the [wife] . . . the sum of $6,500 from the husband's United States Government Thrift Savings Plan [worth approximately $25,000 at the time of trial]. . . . [The husband] shall further transfer and assign to the [wife] . . . the sum of $10,488 annually from the [husband's] Civil Service Retirement [, worth over $59,000 at the time of trial,] commencing with the retirement of the [husband] from employment with the United States Government, provided the [wife] does not remarry prior to attaining the age of fifty-five (55) years."
The judgment also ordered, in a section of the order entitled "Support for Plaintiff," that the husband "make available" to the wife medical and hospitalization insurance until she became employed or until six months after the date of the judgment, whichever event occurred sooner. The wife appeals.
The wife was 41 at the time of trial; the husband was 43. The husband is an electronics engineer employed with the United States Army Aviation and Missile Command in Huntsville. He earns $79,968 per year. The wife, who completed her business-accounting degree after giving birth to the parties' triplet daughters in 1986, had earned $29,700 per year working as a bookkeeper for a local high school in the latter years of the marriage. She was not employed at the time of trial because she had briefly relocated to Walling, Tennessee, to begin a bookkeeping job at a junior college; however, the husband objected to her relocation, and, on the advice of her attorney, she had returned to Huntsville.
We first address the wife's argument that the trial court should not have required that the children's noncovered medical expenses be split evenly between the parties. She urges this court to reverse the trial court's judgment because it arbitrarily required each parent to pay one-half of the noncovered medical expenses even though their income levels are markedly unequal. She cites West v. Rambo, 786 So.2d 1138
(Ala.Civ.App. 2000), which she candidly admits is not authority for requiring the trial court to assess noncovered medical expenses based on the percentage of income each parent contributed to the household.
In West, this court affirmed a trial court's order requiring the husband to pay 63% of the children's noncovered medical expenses. West,786 So.2d at 1143. We discussed the comments to Rule 32, Ala. R *Page 1249 
Jud. Admin., which state "`Courts and parties may wish to consider whether noncovered medical and/or dental expenses should be allocated in the same percentages as the health insurance premiums are allocated pursuant to this rule and as entered on the Child Support Guidelines form.'" West, 786 So.2d at 1142 (quoting Comment, Rule 32, Ala. R. Jud. Admin.) (emphasis added). The trial court in West had allocated the noncovered expenses in accordance with the percentages of each parent's responsibility for health insurance, and the evidence indicated that the father was capable of paying for those expenses. Id. at 1142-43. Accordingly, we affirmed the trial court's judgment. Id. at 1143.
In this case, the father and mother, when she was employed, had very different incomes. The father provided 73% of the former household income, while the mother provided only 27%. At trial, the mother stated that she intended to seek employment, and she testified that, with her degree, she could possibly find a position paying $45,000. The mother has been awarded custody of the children, and she will receive $1,310 per month in child support. When the amount of child support is combined with an estimated income for the mother of $45,000, it appears quite reasonable for the parents to be required to equally bear the costs of noncovered medical expenses. Although the mother's argument that responsibility for noncovered medical expenses should be based upon the percentage of income each parent provided to the household is logical, we cannot reverse the judgment of the trial court in this case on the ground that it equally distributed the burden of noncovered medical expenses. No authority supports a conclusion that the trial court's decision was an error of law or an abuse of discretion.
The mother's remaining arguments center on the property division and the alimony provision of the trial court's judgment. Specifically, she argues that the trial court impermissibly restricted an award of alimony in gross consisting of a portion of the husband's retirement benefits. She also complains that the trial court failed to award her sufficient periodic alimony or at least to reserve the issue of alimony for future consideration. See Tibbetts v. Tibbetts, 762 So.2d 856, 858
(Ala.Civ.App. 1999) (stating that a trial court loses the power to grant alimony where it does not award periodic alimony in the divorce judgment and does not reserve the right to do so in the future).
Generally, the trial court has wide discretion over the award of alimony and the division of property, and it may use whatever means are reasonable and necessary to divide the parties' property equitably.Grimsley v. Grimsley, 545 So.2d 75, 77 (Ala.Civ.App. 1989). In dividing property and awarding alimony, the trial court may consider several factors, including the parties' respective present and future earning capacities, their ages and their health, their conduct, the duration of the marriage, and the value and type of marital property. Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986). This court must consider the issues of property division and alimony together when reviewing the judgment of the trial court. Albertson v. Albertson, 678 So.2d 118, 120
(Ala.Civ.App. 1995). The trial court's property division and alimony award will not be set aside on appeal absent an abuse of discretion.Lutz, 485 So.2d at 1176.
The wife argues that the trial court's condition to its award of a portion of the husband's civil-service retirement to the wife, i.e., that she not remarry before age 55, is an improper restriction of an alimony-in-gross award. The provision, quoted *Page 1250 
above, is contained in a section of the divorce judgment entitled "Real and Personal Property." In support of the trial court's judgment, the husband argues that the award is clearly in the nature of periodic alimony and that the wife would lose her right to the retirement funds were she to marry at any time. In order to address the wife's argument, we must first determine whether the award is an award of alimony in gross or periodic alimony.
Our supreme court has explained the difference between periodic alimony and alimony in gross. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). Alimony in gross is considered "compensation for the [recipient spouse's] inchoate marital rights [and] . . . may also represent a division of the fruits of the marriage where liquidation of a couple's jointly owned assets is not practicable." Hager v. Hager, 293 Ala. at 54,299 So.2d at 749. An alimony-in-gross award "must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested." Cheek v. Cheek, 500 So.2d 17, 18 (Ala.Civ.App. 1986). It must also be payable out of the present estate of the paying spouse as that estate exists at the time of the divorce. Hager v. Hager,293 Ala. at 55, 299 So.2d at 750. In other words, alimony in gross is a form of property settlement. Hager v. Hager, 293 Ala. at 54,299 So.2d at 749. An alimony-in-gross award is generally not modifiable. Id.
Periodic alimony, on the other hand, "is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse]." Hager v. Hager, 293 Ala. at 55, 299 So.2d at 750. Its purpose is "is to support the former dependent spouse and to enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until the spouse is self-supporting or maintaining a status similar to the one enjoyed during the marriage." O'Neal v. O'Neal, 678 So.2d 161, 165 (Ala.Civ.App. 1996) (emphasis added). Periodic alimony is modifiable based upon changes in the parties' financial conditions or needs, such as an increase in the need of the recipient spouse, a decrease in the income of the paying spouse, or an increase in the income of the recipient spouse. See Tibbettsv. Tibbetts, 762 So.2d 856, 858 (Ala.Civ.App. 1999). The paying spouse's duty to pay periodic alimony may be terminated by petition and proof that the recipient spouse has remarried or is cohabiting with a member of the opposite sex. Ala. Code 1975, § 30-2-55.
This court has considered other cases in which the type of alimony awarded was in question. See Singleton v. Harp, 689 So.2d 880
(Ala.Civ.App. 1996); Barber v. Barber, 684 So.2d 150 (Ala.Civ.App. 1996); Laminack v. Laminack, 675 So.2d 479 (Ala.Civ.App. 1996);Stockbridge v. Reeves, 640 So.2d 947 (Ala.Civ.App. 1994); Vainrib v.Downey, 565 So.2d 647 (Ala.Civ.App. 1990); Cheek v. Cheek, 500 So.2d 17
(Ala.Civ.App. 1986).[1] In each case, we were concerned with the trial court's construction of a provision in the parties' separation agreement, which had been incorporated into the divorce judgment. In the present case, however, we are concerned with an interpretation of the trial court's judgment. However, those cases still provide guidance for determining *Page 1251 
when an award is for periodic alimony or alimony in gross. "When the type of award is not specifically stated in the divorce [judgment], the source of payment and its purpose are important factors in determining whether an award is periodic alimony or alimony in gross." Cheek v. Cheek,500 So.2d 17, 19 (Ala.Civ.App. 1986).
When we apply the above-quoted principles concerning periodic alimony and alimony in gross to the award in the present case, it becomes apparent that the trial court's award fully satisfies neither definition. Although the award is like alimony in gross in that it is based on the husband's present estate — the present value of his civil service retirement account — the time and amount of payment is not certain because it apparently continues until the retirement benefits are exhausted or until the husband no longer draws benefits for whatever reason. In addition, although contained within the section concerned with the division of property, the award is contingent upon the wife's not remarrying before age 55, which would not be a permissible limitation on an alimony-in-gross award. The husband testified concerning a formula used to determine what benefits the wife would be entitled to upon divorce, and, pursuant to Ala. Code 1975, § 30-2-51(b) and (c), the wife could have properly been awarded up to one-half of the husband's retirement benefits, to be paid to her once he began receiving those benefits. The fact that most divisions of retirement benefits are considered to be property divisions would support a conclusion that the provision is in the nature of alimony in gross. However, retirement benefits can also be considered a source of income from which to pay periodic alimony. Strong v. Strong, 709 So.2d 1259, 1261 (Ala.Civ.App. 1998).
Upon a review of the entire judgment, it becomes apparent that the trial court may have awarded a form of periodic alimony in another section of the judgment. In the section entitled "Support for Plaintiff," which tends to describe the purpose of periodic alimony, the wife is awarded medical and hospitalization insurance benefits for six months or until she becomes employed, whichever occurs sooner. In addition, the award of retirement benefits will not be available to the wife until the husband's retirement (as early as age 55 or perhaps as late as age 60); if the award were intended to be periodic alimony, this court could reasonably question the trial court's determination of the needs of the wife and the ability of the husband to pay so far in the future.
Because the trial court's judgment appears to award what could best be termed as a hybrid form of alimony, containing some, but not all, characteristics of both periodic alimony and alimony in gross, we cannot determine which form the trial court intended to award. Therefore, we reverse the judgment of the trial court insofar as it awards to the wife $10,488 annually of the husband's civil-service-retirement benefits upon his retirement, and we remand the cause to the trial court for it to specify which type of alimony it intended to award in this provision and for it to draft that provision to reflect the characteristics of the type of alimony it awards.
The wife's final argument is that the trial court erred in failing to award more periodic alimony or to at least reserve the issue for future consideration. We cannot effectively address that argument at this time because, if the trial court intended the retirement-benefit award to be periodic alimony, it has awarded "future" alimony and arguably, that issue is sufficiently reserved in the judgment. However, because we reverse the award of retirement benefits to allow the trial court to draft the award as the type of alimony it intended to *Page 1252 
award, we will reverse the award of insurance benefits to the wife as well, so the trial court, in redrafting the retirement-benefits provision, can reconsider the entire property settlement and alimony provisions together so as to most equitably divide the parties' property.
Both parties' requests for an attorney fee on appeal are denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
[1] In Singleton, Stockbridge, Vainrib, and Cheek, this court affirmed a trial court's determination that a provision in the parties' divorce judgment provided alimony in gross and not periodic alimony. In Barber we reversed a trial court's determination that the provision provided alimony in gross rather than periodic alimony. In Laminack we affirmed a trial court's determination that the provision awarded periodic alimony.