Terry Wayne Bray ("the husband") and Bernice Lee Bray ("the wife") were divorced by an August 12, 2004, judgment of the trial court. On November 3, 2005, the husband filed a petition to modify the divorce judgment. Among other things, the husband sought to terminate his alimony payments to the wife. The wife responded pro se. The trial court heard ore tenus testimony at a hearing on the husband's petition and entered an order that required the husband to continue paying $600 per month to the wife. The husband filed a postjudgment motion, which the trial court denied in part after a hearing. The husband filed a timely notice of appeal to this court.
The record shows the following relevant facts. The husband filed a complaint for a divorce in 2003. On November 10, 2003, the parties executed and filed a settlement agreement that stated, in part:
 "Section V "Alimony "The [husband] shall pay to the [wife] $600 per month as periodic alimony so long as the [husband] draws 100 percent disability from the Veterans Administration at least at the current rate. The alimony shall be subject to termination upon meeting the requirements found in Section 30-2-55, Code of Alabama (1975)."
On December 1, 2003, the parties executed and filed a "Modification to Settlement Agreement" that included the following provision that purported to modify Section V of the November 10, 2003, agreement:
 "Section V "Alimony "The [husband] shall pay to the [wife] $600 per month so long as the [husband] draws 100 percent disability from the Veterans Administration at least at the current rate. Said alimony shall be in lieu of any disability benefits. However, the [wife] shall retain the status of wife and spouse for Veteran's Administration retirement-benefit purposes should the [husband] predecease the [wife]."[1]
On August 12, 2004, the trial court entered a judgment divorcing the parties. The judgment incorporated the parties' settlement agreement, stating:
 "[T]he Settlement Agreement of the parties executed on the 10th day of November, 2003, which has been filed with and examined by the Court be and the same is ratified and confirmed, and that said Settlement Agreement be made a part of this by reference [to] the same as if it were fully set out herein."
(Emphasis added.)
In 2005, the husband learned that the wife was cohabitating with another man. He discontinued his $600 monthly alimony payments to the wife and filed his petition to modify the divorce judgment as to those payments.[2] The trial court heard ore tenus testimony, and the wife confirmed that she had in fact remarried in October 2005. Apparently based on the December 1, 2003, agreement, the trial court ordered as follows:
 "The payments set forth as `Alimony' in Section V of the Settlement Agreement of the parties are not set forth as periodic alimony and are not due to terminate *Page 800 
solely on the remarriage of the [wife]. Specifically, the payments are due to be made `so long as the [husband] draws 100 percent disability from the Veterans Administration at least at the current rate.' The [husband] shall continue said payments and he owes to the [wife] those unpaid sums for the time period in which he did not pay the same."
The husband filed a post-judgment motion to alter, amend, or vacate the judgment in which he argued, based on the November 10, 2003, agreement, that the $600 monthly payments should have been terminated pursuant to § 30-2-55, Ala. Code 1975. The transcript of the hearing on the husband's postjudgment motion shows that the trial court based its decision on the December 1, 2003, agreement. On December 20, 2006, the trial court entered an order denying the husband's postjudgment motion as to the alimony issue.
 "Our standard of review when reviewing an appeal from a judgment granting or denying a requested modification of alimony is well settled.
 "`An obligation to pay alimony may be modified only upon a showing of a material change in circumstances that has occurred since the trial court's previous judgment, and the burden is on the party seeking a modification to make this showing. . . .'
 "Glover v. Glover, 730 So.2d 218, 220
(Ala.Civ.App. 1998) (citation omitted)."
Ederer v. Ederer, 900 So.2d 427, 428
(Ala.Civ.App. 2004).
 "Where a trial court receives ore tenus evidence, its judgment based on that evidence is entitled to a presumption of correctness on appeal and will not be reversed absent a showing that the trial court abused its discretion or that the judgment is so unsupported by the evidence as to be plainly and palpably wrong."
Sellers v. Sellers, 893 So.2d 456, 457-58
(Ala.Civ.App. 2004). The ore tenus presumption does not apply to the trial court's application of law to the facts. See,e.g., Hinds v. Hinds, 887 So.2d 267, 271
(Ala.Civ.App. 2003). A trial court's interpretation of an unambiguous divorce agreement is a legal determination and, thus, does not carry a presumption of correctness. See,e.g., Hinds v. Hinds, 887 So.2d at 271; Hallman v.Hallman, 802 So.2d 1095, 1098 (Ala.Civ.App. 2001).
The August 12, 2004, divorce judgment expressly incorporates only the November 10, 2003, agreement. It makes no reference to or acknowledgment of the December 1, 2003, agreement. In divorce cases, the trial court is not bound by the parties' agreement. See Junkin v. Junkin, 647 So.2d 797, 799
(Ala.Civ.App. 1994). "The trial court may adopt or reject such parts of the agreement as it deems proper from the situation of the parties as shown by the evidence." Id. (emphasis omitted). It is apparent from the language of the divorce judgment that the trial court confirmed only the November 10, 2003, agreement. Therefore, the language of that agreement, and not that of the December 1, 2003, agreement, was incorporated into the divorce judgment and governed the parties' postdivorce obligations.
Section V of the November 10, 2003, agreement that was ratified by the trial court's divorce judgment provided for periodic alimony.
 "Periodic alimony . . . `is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse].' Hager v. Hager, 293 Ala. [47,] 55, 299 So.2d [743,] 750 [(1974)]. . . . Periodic alimony is modifiable based upon changes in the *Page 801 
parties' financial conditions or needs, such as an increase in the need of the recipient spouse, a decrease in the income of the paying spouse, or an increase in the income of the recipient spouse. See Tibbetts v. Tibbetts, 762 So.2d 856, 858
(Ala.Civ.App. 1999). The paying spouse's duty to pay periodic alimony may be terminated by petition and proof that the recipient spouse has remarried or is cohabiting with a member of the opposite sex. Ala. Code 1975, § 30-2-55."
Daniel v. Daniel, 841 So.2d 1246, 1250
(Ala.Civ.App. 2002). Unlike alimony in gross, periodic alimony need not be an amount certain or payable out of the paying spouse's estate that existed at the time of the divorce.See id.
Section V of the November 10, 2003, agreement established that the husband would pay $600 per month to the wife so long as he received 100 percent disability from the Veterans Administration. Section V expressly contemplated that the payments were to terminate pursuant to § 30-2-55, Ala. Code 1975, upon the wife's cohabitation or remarriage. Section V did not fix a sum certain and was not necessarily payable from the husband's estate at the time of the divorce. Additionally, the $600 payments were expressly terminable pursuant to § 30-2-55, Ala. Code 1975. Section V of the November 10, 2003, agreement, which was ratified by the divorce judgment and which provided for periodic alimony, governed the parties' obligations.
Section 30-2-55, Ala. Code 1975, provides:
 "Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex."
It is undisputed that the wife remarried in October 2005. Consequently, under § 30-2-55, Ala. Code 1975, the husband was entitled to a termination of the alimony payments.
Therefore, we reverse the trial court's denial of the husband's petition for modification as to the issue of alimony and remand this cause to the trial court for the entry of an order terminating the husband's alimony payments to the wife.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
[1] We make no determination regarding the legality or enforceability of this provision.
[2] The husband also sought to modify the divorce judgment as to child-support and secondary-education payments for the parties' children. However, the trial court's judgment as to those matters is not at issue on appeal.