THOMPSON, Presiding Judge.
 

 Randell L. Dickson (“the husband”) appeals from a judgment of the Madison Circuit Court divorcing him from Emily Vandiver Dickson (“the wife”). For the reasons discussed herein, we affirm the judgment in part, reverse the judgment in part, and remand the cause for the entry of a new judgment.
 

 This is the second time this cause has been before this court. In the first appeal, this court affirmed, without an opinion, the trial court’s divorce judgment. Our supreme court reversed this court’s disposition of the appeal.
 
 Ex parte Dickson,
 
 29 So.3d 159, 164 (Ala.2009). Pursuant to the supreme court’s mandate, this court reversed the trial court’s judgment and remanded the cause for further proceedings consistent with the supreme court’s decision. Accordingly, the trial court entered
 
 *284
 
 a new judgment on November 2, 2009, and it is from that judgment that the husband presently appeals.
 

 In
 
 Dickson,
 
 the supreme court set out the following procedural and factual history':
 

 “The parties met in 2000 and were married in 2001; both parties were 52 years old at the time of the marriage. The parties separated approximately three years later, in 2004; they divorced in 2006. There were no children from this marriage, but each party has adult children from a previous marriage.
 

 “When the parties met in 2000, the husband was struggling financially. He had a real-estate and construction business that was losing money because the houses he built were not selling. The husband had borrowed substantial sums from his business partner to cover the costs incurred in connection with the unsold houses. In February 2000, the husband signed a note to his business partner in the amount of $140,000, which was secured by an assignment of the husband’s interest in Dickson Realty, Inc., Security Boys Properties, L.L.C., and Monrovia Farms Development, Inc. By 2006, the husband owed his business partner an additional $113,036 in unsecured debt.
 

 “In August 2000, the husband sold his residence because he could no longer afford the mortgage payments, and he moved in with the wife. At that time, the husband agreed to share expenses with the wife ‘fifty-fifty.’ In December 2000, the husband executed a line-of-credit promissory note in favor of the wife, which provided that the husband would repay the wife for his share of certain expenses plus interest. Attached to the note was a ledger on which the parties periodically entered debits
 
 (e.g.,
 
 the husband’s share of household expenses and certain major purchases) and credits. The husband testified that he did not intend for the line-of-credit arrangement to continue after the parties married, but the wife continued to enter debits and credits on the ledger until the parties separated in 2004.
 

 “The parties disagree on the amount owed on the line-of-credit note at the time of the trial. The wife testified that the husband owed her $137,775. The husband testified that he owed the wife approximately $22,000 after attributing to him a credit for substantial tax savings resulting from the parties’ joint use of the husband’s prior years’ tax losses. It appears that the trial court agreed with the wife’s contention as to the amount owed; there is evidence in the record to support the wife’s contention.
 
 [1]
 

 “By 2004, the parties were having disagreements over money and over the conduct of the wife’s adult son, who had moved into the marital residence and later moved out. In July 2004, the husband moved out of the marital residence after the wife told him that she would allow her adult son to move back into the marital residence. Shortly thereafter, the husband purchased a house without making any down payment.
 

 “In October 2004, the husband filed the present action, seeking a divorce and an equitable distribution of the parties’ assets. The wife filed an answer and a counterclaim, seeking a divorce and an equitable distribution of assets. Neither party requested periodic alimony or support. In October 2005, the wife filed an amendment to her counterclaim, seeking enforcement of the line-of-credit note. Approximately one week later, the husband filed a petition for bankruptcy, listing as creditors the wife, his business partner, certain credit-card creditors, and others. The husband’s bankruptcy
 
 *285
 
 petition sought, among other things, the discharge of the debt arising out of the line-of-credit note. In the bankruptcy proceeding, the wife objected to the discharge of the husband’s debt to her. It appears that, at the time of trial in this case, the bankruptcy proceeding concerning the line-of-credit note had not been resolved.
 

 “The evidence in the record discloses that the husband’s separate estate, at the time of the trial, was approximately $22,000, including (1) personal property worth approximately $12,000, which was subject to a demand by the husband’s bankruptcy trustee that the husband pay $10,000 in lieu of forfeiture of his nonexempt personal property (which the husband valued at $9,150);
 
 [2]
 
 (2) the house the husband purchased after he moved out of the marital residence, in which he had an equity of approximately $300; (3) a savings account at AmSouth Bank, with an approximate value of $10,000; (4) AmSouth Bank stock valued at approximately $4,400; and (5) a 401 (k) retirement account at AmSouth Bank (see discussion below), with a value of approximately $16,000. The husband’s vehicles, furniture, and similar items were leased or financed, and he had little or no equity in them.
 

 “The record does not contain any evidence of the value, if any, of the husband’s interest in his three businesses. The husband testified that he had assigned his interests in those businesses to secure the $140,000 note to his business partner and that he had no equity interest in those businesses.
 

 “Following the parties’ separation and before trial in June 2006, the husband began working for AmSouth Bank, with a base salary of $67,000. The husband received an incentive bonus of approximately $12,000 for 2004 and an incentive bonus in excess of $30,000 for 2005. There is evidence in the record indicating that the husband’s base salary for 2006 was projected to be approximately the same as it was in 2004 and 2005.
 

 “During the marriage, the wife had been employed as a civil-service engineer with the United States Army, earning approximately $138,000 in 2004. Shortly before the trial, the wife voluntarily retired from her employment; she gave no reason for retiring other than the fact that she ‘had the number of years and the age factor.’ There is evidence in the record that the wife was receiving a pension of more than $6,000 per month before taxes. There does not appear to be any impediment to the wife’s seeking employment in the private sector.
 

 “In July 2006, after a trial at which ore tenus evidence was presented, the trial court rendered a judgment divorcing the parties and awarding the wife (1) all of her separate property, all the parties’ jointly owned property, and certain of the husband’s separate property (including but not limited to all the husband’s savings account at AmSouth Bank and half of the husband’s AmSouth Bank stock), (2) alimony in gross in the amount of $137,775, less the amount received by the wife from the husband’s savings account (approximately $10,000), payable in monthly installments of $1,000, and (3) the sum of $16,266.40, for her attorney fees.[
 
 1
 
 ] The divorce judg
 
 *286
 
 ment did not award periodic alimony to either party.
 

 [[Image here]]
 

 Dickson,
 
 29 So.3d at 159-61.
 

 The supreme court agreed with the husband’s contention that the “amount of alimony in gross awarded the wife by the trial court greatly exceeded the value of the husband’s present estate,
 
 ie.,
 
 the husband’s estate as it existed at the time of the judgment,”
 
 id.
 
 at 162, and reversed this court’s no-opinion affirmance, writing:
 

 “In its order, the trial court found that the husband’s current income and other current circumstances give him the financial ability to pay alimony-in-gross installments of $1,000 per month, going forward. We do not discern, however, from the trial court’s judgment a finding that the amount of the husband’s estate, as it existed at the time the judgment of divorce was entered, was sufficiently large to justify the $137,775 alimony-in-gross award, as entered by the trial court.
 
 [3]
 
 Consistent with the discussion of the evidence as set forth above, our review of the record leads us to conclude that the record does not contain substantial evidence supporting such a factual finding. To the contrary, it is clear that the alimony-in-gross award made by the trial court substantially exceeded any value that could be drawn from the evidence regarding the husband’s estate at the time of the divorce.
 

 “In
 
 [Ex parte] Hager[,
 
 293 Ala. 47, 299 So.2d 743 (1974) ], this Court defined alimony in gross and periodic alimony as follows:
 

 “ ‘ “Alimony in gross” is the present value of the wife’s inchoate marital rights — dower, homestead, quarantine, and distributive share.
 
 It is payable out of the husband’s present estate as it exists at the time of divorce. Borton v. Borton,
 
 [230 Ala. 630, 162 So. 529 (1935).] On the other hand, “periodic alimony” is an allowance for the future support of the wife payable from the current earnings of the husband.’
 

 “293 Ala. at 55, 299 So.2d at 750 (emphasis added).
 
 [4]
 
 The
 
 Hager
 
 Court also stated that the award at issue ‘was intended to be, as denominated, “alimony in gross,” a property settlement award,
 
 compensating the wife only for the loss of her rights in the husband’s estate.’
 
 293 Ala. at 55, 299 So.2d at 751 (emphasis added).
 
 See also Daniel v. Daniel,
 
 841 So.2d 1246, 1250 (Ala.Civ.App.2002) (alimony in gross is a form of property settlement and must be payable out of the present estate of the payor at the time of the divorce).
 

 “In
 
 Zinnerman [v. Zinnerman],
 
 803 So.2d [569,] 574 [ (Ala.Civ.App.2001) ], the Court of Civil Appeals reversed a judgment awarding alimony in gross because, ‘at the time of the divorce [the husband’s] estate was insufficient to satisfy the award of alimony in gross.’ The court stated:
 

 “ ““ “Alimony in gross” is the present value of the wife’s inchoate marital rights — dower, homestead, quarantine, and distributive share. It is
 
 *287
 
 payable out of the husband’s present estate
 
 as it exists at the time of divorce.’
 
 ”
 
 Murphy v. Murphy,
 
 624 So.2d 620, 622 (Ala.Civ.App.1993), quoting
 
 Hager v. Hager,
 
 293 Ala. 47, 299 So.2d 743 (1974) (emphasis added [in
 
 Zinnerman
 
 ]).’
 

 “803 So.2d at 574.
 
 See also Johnson v. Johnson,
 
 840 So.2d 909, 912 (Ala.Civ. App.2002) (alimony in gross ““is payable out of the husband’s present estate as it exists
 
 at the time of the divorce
 
 ....’”’ (quoting
 
 Hager,
 
 293 Ala. at 55, 299 So.2d at 750) (emphasis added in Johnson));
 
 Epps v. Epps,
 
 218 Ala. 667, 669,120 So. 150,151 (1929) (allowance of $100 per month was considered to be periodic alimony because it was ‘equivalent to [the wife’s] share in quite a considerable estate. The husband had no such estate.’).
 

 [[Image here]]
 

 “Based on the facts before us, it appears that the trial court erred by awarding the wife alimony in gross in an amount far exceeding the value of the husband’s estate at the time of the divorce. Accordingly, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.
 

 [[Image here]]
 

 Dickson,
 
 29 So.3d at 162-64.
 

 On remand, the trial court amended its original divorce judgment by reducing the amount the husband was to pay the wife as alimony in gross from $137,775 to $67,000. The trial court’s order amending the divorce judgment also provided:
 

 “Paragraph 9 of the Judgment of Divorce entered by this Court on the 21st day of July, 2006, references a judgment in favor of the [wife] and against the [husband] in the amount of Sixteen Thousand Two Hundred Sixty-Six and 40/100 Dollars ($16,266.40) representing attorney’s fees and expenses incurred by her in this cause. Said paragraph erroneously characterized this award as ‘alimony in gross.’ Under the facts of the case as it was originally presented, and as supported by applicable law, this Court finds that an award of attorney’s fees in favor of the [wife] and against the [husband] is warranted. Accordingly, any reference to ‘alimony in gross’ made in Paragraph 9 of the Judgment of Divorce is due to be deleted. The [wife] is, however, entitled to entry of a judgment for attorney’s fees in the amount of Sixteen Thousand Two Hundred Sixty-Six and 40/100 Dollars ($16,266.40) for which execution may issue as provided by law.”
 

 The trial court’s order provided that all other provisions of the original divorce judgment would remain in full force and effect. The husband filed a postjudgment motion, which the trial court denied. The husband appeals.
 

 The husband contends that the trial court erred in making an award to the wife of alimony in gross. He argues that the division of property contained in the original divorce judgment so favored the wife that any additional award of alimony
 
 *288
 
 in gross, over and above the property division, exceeded the trial court’s discretion. In making this argument, he discusses at length the evidence in the record indicating that the wife was in a better financial situation than he was, that both parties had made poor financial decisions during their marriage, and that neither party was at fault for the failure of the marriage.
 

 Discussing the standard by which this court reviews property divisions and alimony awards in divorce cases, this court has stated:
 

 “The law is clear that matters such as alimony and property division pursuant to divorce rest soundly within the discretion of the trial court and will not be disturbed on appeal except where such discretion was palpably abused.
 
 Montgomery [v. Montgomery,
 
 519 So.2d 525 (Ala.Civ.App.1987) ]. The issues concerning alimony and the division of property are interrelated, and in determining whether the trial court abused its discretion as to either of those issues, the entire judgment must be considered.
 
 Montgomery, supra.
 
 Many factors, including the conduct of the parties regarding the cause of the divorce, are proper to consider in making an equitable division.
 
 Lutz v. Lutz,
 
 485 So.2d 1174 (Ala.Civ.App.1986). The award is not required to be equal, but must be equitable in light of the evidence, and what is equitable rests within the sound discretion of the trial court.
 
 Ross [v. Ross,
 
 447 So.2d 812 (Ala.Civ.App.1984) ]. An award that favors one party over the other is not in and of itself an abuse of discretion.
 
 Jordan v. Jordan,
 
 547 So.2d 574 (Ala.Civ.App.1989).”
 

 Boykin v. Boykin,
 
 628 So.2d 949, 952 (Ala.Civ.App.1993).
 

 In the original divorce judgment, the trial court awarded the husband his personal property; the house in which he was residing; his bank accounts, less a savings account that the trial court awarded to the wife; a specific vehicle and all other vehicles titled in his name; certain furniture, furnishings, and household goods; half the AmSouth Bank stock he had acquired during the course of the parties’ marriage; his retirement accounts; and any interest he possessed in Dickson Realty, Inc., and Security Boys, LLC. The trial court awarded the wife her personal property; the house in which she was residing (which she owned before the parties’ marriage); her bank accounts; the husband’s savings account, which was to be applied to the alimony-in-gross award; a specific vehicle and all other vehicles titled in her name; certain furniture, furnishings, and household goods; half the AmSouth Bank stock the husband had acquired over the course of the parties’ marriage; her retirement accounts; three time-share properties, along with the debt on each time share; and the sum of $3,500, which represented half the tax refunds the parties would have received from joint tax filings for the 2004 tax year. The original divorce judgment provided that each party was to be responsible for the debts he or she had incurred.
 

 As noted, the trial court has broad discretion in fashioning an equitable division of the parties’ property in a divorce judgment.
 
 See Boykin,
 
 supra. Although the division of the parties’ property favored the wife, the trial court’s original award of $137,775 as alimony in gross was plainly based on the trial court’s agreement with the wife’s contention that the husband owed her $137,775. Given this debt, which, as the supreme court found in
 
 Dickson,
 
 was supported by the evidence, and which demonstrated that the wife contributed far more economically to the marriage than did the husband, we cannot say that the trial court exceeded its discretion when, in addition to favoring the wife in
 
 *289
 
 the division of the parties’ assets, it made an award to the wife of some amount of alimony in gross that would compensate her, at least to some extent, for the financial burden the husband had caused her.
 

 This is not to say, however, that the trial court did not err as to the amount of alimony in gross it awarded the wife on remand, as the husband contends. The husband argues that the supreme court, in reaching its conclusion that his estate was not sufficient to cover the trial court’s award of alimony in gross in the original divorce judgment, concluded that the evidence of record demonstrated that the husband’s estate had a value of approximately $22,000 at the time of the divorce. The husband contends that, because, as the supreme court held in
 
 Dickson,
 
 an award of alimony in gross cannot exceed the value at the time of the divorce of the estate of the party against whom the. award is made, the trial court erred as a matter of law in awarding the wife $67,000 as alimony in gross following remand. We agree.
 

 In arriving at the conclusion that the husband’s estate at the time of the divorce had a value of approximately $22,000, the supreme court stated that the husband’s estate was comprised of the following items:
 

 “(1) personal property worth approximately $12,000, which was subject to a demand by the husband’s bankruptcy trustee that the husband pay $10,000 in lieu of forfeiture of his nonexempt personal property (which the husband valued at $9,150); (2) the house the husband purchased after he moved out of the marital residence, in which he had an equity of approximately $300; (3) a savings account at AmSouth Bank, with an approximate value of $10,000; (4) AmSouth Bank stock valued at approximately $4,400; and (5) a 401 (k) retirement account at AmSouth Bank ..., with a value of approximately $16,000.”
 

 Dickson,
 
 29 So.3d at 161 (footnote omitted). How the supreme court arrived at an approximation of $22,000 as the value of the husband’s estate is unclear, based on the foregoing list of assets. What is clear, however, is that, even if the supreme court’s approximation of the value of the husband’s estate appears to be low, the amount of alimony in gross the trial court awarded on remand is still greatly in excess of the value of the husband’s estate. Because an award of alimony in gross cannot exceed the value of the payor’s estate at the time of the divorce, and because the trial court’s award on remand of alimony in gross in the amount of $67,000 exceeds the value of the husband’s estate at the time of the divorce, the trial court’s award was in error and is due to be reversed.
 
 [2]
 

 The husband next contends that the trial court erred in awarding an attorney’s fee to the wife. “This court reviews an award of an attorney fee on an abuse-of-discretion standard.”
 
 Mahaffey v. Mahaffey,
 
 806 So.2d 1286, 1292 (Ala.Civ.App.2001). The husband argues that the wife was not in need of an award of an attorney’s fee, and, as the husband points out, although not dispositive, a party’s need for an attorney’s fee is a factor the trial court should consider in determining whether to
 
 *290
 
 enter such an award.
 
 Scott v. Scott,
 
 401 So.2d 92, 96 (Ala.Civ.App.1981).
 

 In the present case, the trial court could have concluded that the wife was in need of an attorney’s fee. To begin with, evidence presented at trial indicated that the wife had provided a substantial amount of unreciprocated support for the husband during their short marriage and that the husband owed $137,775 to the wife, a debt for which he had filed for bankruptcy protection to avoid. The wife testified that she had recently retired from her job as a civil servant making a substantial salary and that, as a result of the retirement, her income was reduced. She also testified that she was in a worse financial situation than before the parties had married. Based on the circumstances of this case, we cannot say that the trial court erred in awarding the wife an attorney’s fee.
 

 The husband also argues that the trial court erred as to the amount of the attorney’s fee it awarded the wife. He acknowledges that the wife submitted evidence indicating that she had incurred approximately $12,000 in attorney’s fees before trial, but he states that she did not prove that she had incurred at trial the approximately $4,000 in additional attorney’s fees the trial court awarded to her in the original divorce judgment. However,
 

 “[t]he supreme court has held in divorce cases ‘that an award of an attorney fee will not be reversed merely because the record contains no evidence to prove the reasonableness of the amount awarded.’
 
 Ex parte James,
 
 764 So.2d [557,] 560 [ (Ala.1999) (plurality opinion) ] (citing
 
 Hodson v. Hodson,
 
 276 Ala. 227, 160 So.2d 637 (1964)). ‘ “There is a presumption that the ‘trial court has the knowledge from which it may determine the amount of a reasonable fee for an attorney, even though no evidence is presented as to its reasonableness.’ ” ’
 
 Ex parte James,
 
 764 So.2d at 560 (quoting
 
 Boykin v. Boykin,
 
 628 So.2d 949, 952 (Ala.Civ.App.1993)).”
 

 Benton v. King,
 
 934 So.2d 1062, 1069 (Ala.Civ.App.2005). Based on the foregoing, we find no merit in the husband’s contention regarding the amount of the attorney’s fee awarded to the wife.
 

 Finally, the husband contends that, even if the trial court did not err in awarding an attorney’s fee to the wife, the trial court erred when, on remand, it amended its original divorce judgment, in which it had indicated that the attorney’s fee constituted an additional award of alimony in gross, by deleting the reference to alimony in gross in the award of the attorney’s fee. This amendment of the original divorce judgment was improper, the husband argues, because it constituted a substantive change of the original judgment rather than the mere correction of a clerical error. We agree.
 

 “ ‘The reversal of a judgment,
 
 or a paH thereof,
 
 wholly annuls it,
 
 or the part of it,
 
 as if it never existed.’ ”
 
 Raybon v. Hall,
 
 17 So.3d 673, 676 (Ala.Civ.App.2009) (quoting
 
 Shirley v. Shirley,
 
 361 So.2d 590, 591 (Ala.Civ.App.1978)) (emphasis added).
 
 Cf.
 
 14A Stephen M. Flanagan,
 
 Cyclopedia of Federal Procedure
 
 § 69.30 (3d ed. 1984) (“A decision of an appellate court, although in terms a ‘reversal’ of the judgment, is to be construed as a reversal in fact only with respect to so much of the lower court’s judgment as the reviewing court disapproves of, and as an affirmance in other respects ....” (footnote omitted)). No party appealed the original divorce judgment’s characterization of the award of attorney’s fees to the wife as an award of alimony in gross, and, as a result, on remand, that characterization remained valid and binding.
 
 See Woolwine v. Woolwine,
 
 549 So.2d 512, 514 (Ala.Civ.App.1989), wherein this court stated:
 

 
 *291
 
 “The husband contends that the wife is not entitled to an award of attorney’s fees because the original decree wherein attorney’s fees were awarded was annulled in its entirety on appeal and the trial court’s order rendered upon remand did not reinstate said award. This argument is based upon case law which holds that a judgment reversed on appeal is annulled in its entirety.
 
 Birmingham Electric Co. v. Alabama Public Service Commission,
 
 254 Ala. 119, 47 So.2d 449 (1950);
 
 Price v. Simmons, Adm’r,
 
 21 Ala. 387 (1852). We would note, however, that the rule of law contained in the cases proffered by the husband was qualified in
 
 Shirley v. Shirley,
 
 361 So.2d 590, 591 (Ala.Civ.App.1978), as follows: ‘The reversal of a judgment, or
 
 a part thereof,
 
 wholly annuls it, or
 
 the part of it,
 
 as if it never existed.’ (Emphasis added.)
 

 “This court, on the parties’ prior appeal, only addressed and reversed the trial court’s findings with regard to the antenuptial agreement. Consequently, only those portions of the decree which were contrary to the antenuptial agreement were affected.
 
 AGM Drug Co. of Alabama v. Dobbs,
 
 277 Ala. 493, 172 So.2d 379 (1965).
 
 Since this court did not address the trial court’s power to award attorney’s fees, we find that the husband is still legally obligated under the original decree to pay the wife the attorney’s fees awarded therein.”
 

 (Final emphasis added.)
 

 Because, on remand, the trial court’s characterization of the award of an attorney’s fee as an award of alimony in gross remained a valid portion of the trial court’s original divorce judgment, the trial court was not free simply to rewrite that portion of its judgment in an effort to avoid the limitation on the award of alimony in gross identified by the supreme court in
 
 Dickson.
 
 We recognize that it very well could be that the payment of a spouse’s legal fees is not an appropriate basis for an award of alimony in gross. However, in the prior appeal, neither party argued that the trial court’s characterization of the attorney’s fee as an award of alimony in gross was error, and, as a result, that characterization was not affected by the appeal.
 

 We note the wife’s argument that a trial court is always free to interpret, implement, and enforce its own judgments and to clarify its judgments so as to effectuate their original intent. Wife’s brief at 44 (citing
 
 Hallman v. Hallman,
 
 802 So.2d 1095, 1098 (Ala.Civ.App.2001), and
 
 Garris v. Garris,
 
 643 So.2d 993, 994 (Ala.Civ.App.1994)). However, the plain language of the original judgment with regard to attorney’s fees, even if it is not legally sound, clearly indicates that the trial court considered the award of the attorney’s fee to the wife to be part of its alimony-in-gross award,
 
 Dickson,
 
 29 So.3d at 162 n. 3, and no amount of interpretation, implementation, and enforcement justifies the trial court’s subsequent amendment of the original judgment to consider the attorney’s fee award as something other than an award of alimony in gross. The wife also argues that the trial court, in amending its original judgment to change the nature of the attorney’s fee award, was merely resolving an ambiguity in the original judgment. However, even if we were to agree with the wife that the original judgment was ambiguous in its treatment of the attorney’s fee award, the language it employed in the original judgment does not permit an interpretation of that provision that treats the attorney’s fee award as something other than an award of alimony in gross.
 

 We conclude that the trial court, in re-characterizing its attorney’s fee award to the wife in its order on remand, was not engaged in interpreting, implementing, enforcing, or clarifying its original divorce
 
 *292
 
 judgment but, instead, that its new judgment constitutes an alteration of the fundamental nature of the attorney’s fee award. In this respect, the trial court erred to reversal.
 

 Based on the foregoing, we affirm the trial court’s decision to award the wife alimony in gross and an attorney’s fee, we reverse the amount of alimony in gross the trial court awarded the wife, in its judgment on remand, we reverse the trial court’s recharacterization of the award of an attorney’s fee to the wife as something other than alimony in gross, and we remand the cause to the trial court for the entry of a judgment consistent with this opinion.
 

 The appellee’s request for an attorney fee on appeal is denied.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . The portion for the divorce judgment awarding the wife an attorney’s fee provided:
 

 "9. The [husband] shall pay as additional alimony in gross to the [wife] the sum of Sixteen Thousand Two Hundred Sixty Six and 40/100 ($16,266.40) Dollars representing attorney's fees and expenses incurred by her in this cause. Judgment is entered in favor of the [wife] and against the [hus
 
 *286
 
 band] for said amount all for which execution may issue as provided by law.”
 

 [1]
 

 "1The trial court did not make an express finding as to the amount owed under the line-of-credit note, but it awarded the wife alimony in gross in the exact amount she claimed the husband owed her, and it referred to the note in the paragraph explaining its reasons for the award of alimony in gross.
 

 [2]
 

 "2The record does not disclose the resolution of the negotiation concerning payment for tire husband's nonexempt property.”
 

 [3]
 

 "3 A fortiori, if the additional $16,266.40 awarded the wife by the trial court for attorney fees is considered part of the alimony-in-gross award (which is the way the trial court considered it), the resulting total of $154,041.40 would exceed by that much more the value of the husband’s estate as it existed at that time.
 

 [4]
 

 “4 In general, an award of alimony in gross ‘must satisfy two [other] requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested.’
 
 Cheek v. Cheek,
 
 500 So.2d 17, 18 (Ala.Civ.App.1986). Those two requirements do not appear to be at issue in this case.”
 

 [2]
 

 . We note the wife's argument that this court is not bound by the supreme court's determination of the value of the husband's estate because, she asserts, that finding was dicta. We disagree that the supreme court's determination constituted dicta. For the supreme court to determine that the trial court's original award of alimony in gross exceeded the value of the husband’s estate, it was necessary for the supreme court to determine, based on the evidence of record, the value of the husband’s estate. It did so, and we will not deviate from the supreme court's conclusion in this regard.